SUCCESSION OF JOYCE HYMEL GETTYS

NO. 24-C-577

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

January 03, 2025

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** JOY GETTYS NAQUIN AND THE SUCCESSION OF JOYCE HYMEL GETTYS

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 825-250

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**WRIT GRANTED**

The relator, Joy Gettys Naquin, seeks to review the November 4, 2024, judgment that awarded Robert Gettys an equalizing payment of $18,469. We grant this writ application for the following reasons.

**PROCEDURAL HISTORY**

The relator and her brother-in-law, Claytus Joseph Plaisance, III, are testamentary co-executors of the estate of the relator's mother, Joyce Hymel Gettys. At the December 12, 2023 hearing on the realtor's motion for declaratory judgment, the parties agreed that items of jewelry listed on an affidavit signed by the decedent before her death, hereinafter referred to as the "affidavit jewelry," would be given to Joy and her sister Lynn, as provided in the affidavit. They agreed that the third legatee, Robert, who was not getting any jewelry, would be given "more money because of the value of the jewelry." The written judgment

24-C-577

states, "It is agreed that Robert will receive an equalizing payment of 25% of the total estate value of all 'affidavit' Jewelry placed in possession of Joy and Lynn."

On July 20, 2024, Mr. Plaisance filed a "Contradictory Petition for Delivery of Particular Legacy," seeking to have Robert placed in possession of his "equivalent payment" for the affidavit jewelry. Mr. Plaisance claimed this amount was $18,469. The trial judge agreed and awarded that amount. This timely writ application followed.

## LAW AND DISCUSSION

A consent judgment is "a bilateral contract wherein parties adjust their differences by mutual consent." *Burrell v. UMC*, 19-1095, 19-0423 (La. App. 4 Cir. 6/10/20), 302 So.3d 93, 96. Through concessions the parties make, they enter into a contract to "settle a dispute or an uncertainty concerning an obligation." La. C.C. art. 3071. The consent judgment that results from the mutual consent of the parties "is and should be accorded sanctity under the law." *Plaquemines Parish Gov't v. Getty Oil Co.*, 95-2452 (La. 5/21/96), 673 So.2d 1002, 1006. The trial court's interpretation of an alleged compromise agreement is subject to manifest error/clearly wrong appellate review because the existence or validity of a compromise depends on a finding of the parties' intent, an inherently factual finding. *Hancock Bank of Louisiana v. Holmes*, 09-1094 (La. App. 5 Cir. 5/25/10), 40 So.3d 1131, 1134-35.

Here, the written judgment states that the parties agree that Robert would receive 25% of the value of the affidavit jewelry. In the writ application and the opposition to the writ application, the parties agree that the value of the affidavit jewelry is $55,408. Twenty-five percent of $55,408.00 is $13,852.00. Thus, the trial judge was clearly wrong when he erroneously awarded Robert $18,469.00.

2

## CONCLUSION

For the preceding reasons, we grant this writ application and amend the November 4, 2024 judgment to award Robert an equalizing $13,852.00 payment.

Gretna, Louisiana, this 3rd day of January, 2025.

**JJM**
**FHW**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/03/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-C-577**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Charles G. Justice, III (Respondent)          Perry R. Staub, Jr. (Relator)
Donald J. Miester, Jr. (Relator)

### MAILED

Charlton B. Ogden, III (Relator)          Christopher M. Gaffney (Respondent)
Attorney at Law                            Michael G. Gaffney (Respondent)
1100 Poydras Street                        Attorneys at Law
Suite 2100                                 3015 19th Street
New Orleans, LA 70163                      Metairie, LA 70002